## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROSA BENNETT,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1314**  (BOR Appeal No. 2045607)
                  (Claim No. 2010113170)

**GREENBRIER HOTEL CORPORATION**
**(FORMERLY CSX HOTELS, INC.),**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rosa Bennett, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier Hotel Corporation (Formerly CSX Hotels, Inc.), by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 23, 2011, in which the Board affirmed a January 24, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 28, 2009, decision denying Ms. Bennett's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bennett alleges that she injured her shoulder on October 15, 2009, while giving a manicure as a cosmetologist for Greenbrier Hotel Corporation. On December 28, 2009, the claims administrator denied Ms. Bennett's claim for workers' compensation benefits because there was no isolated event resulting in a work-related injury and further, medical documentation stated Ms. Bennett has experienced shoulder pain for three to four years, indicating the condition was preexisting.

1

The Office of Judges affirmed the claims administrator's decision, and held that the medical evidence did not establish an injury occurred during her job responsibilities on October 15, 2009. On appeal, Ms. Bennett disagrees and asserts that her claim should be held compensable for a rotator cuff tear, shoulder, arm, and hand injury because her job requires repetitive movements of her arms and shoulders, and Dr. Behsudi and Dr. Pence found her injury to be occupational. Greenbrier Hotel Corporation maintains that Ms. Bennett's tendonitis is caused by age-related tendon degeneration, and is an ongoing injury that has existed since 2006. It also maintains that it is not clear if Ms. Bennett is arguing that she has a traumatic injury or a repetitive motion injury.

The Office of Judges concluded that Ms. Bennett failed to establish a credible preponderant evidentiary foundation that she incurred an injury in the course of and as a result from her employment on October 15, 2009. The Office of Judges stated that the initial emergency room records from Alleghany Regional Hospital dated October 19, 2009, referenced Ms. Bennett's history of left shoulder pain for years prior to the alleged date of injury that had worsened over the past two days, but failed to document an isolated incident. It noted that Dr. Pack's office notes from October 21, 2009, through December 8, 2009, imply that the left shoulder condition was a chronic problem without "specific trauma or injury to the shoulder." The Office of Judges further noted that Dr. Whitfield and the Greenbrier Chiropractic Clinic's records lack any definitive or credible evidentiary foundation evidencing Ms. Bennett's job responsibilities as a proximate cause of the diagnostic assessment of the left shoulder. Ultimately, the Office of Judges found that the record designation reflects evidentiary inconsistences and ambiguities on how rotator cuff syndrome of the left shoulder occurred and held that the claim was not compensable. The Board of Review reached the same reasoned conclusions in its decision of August 23, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2